UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-21220-CIV--SEITZ/SIMONTON

MISC BERHAD, *etc.*,

    Plaintiff,

v.

WORLD FUEL SERVICES CORP.,

    Defendant/Third Party Plaintiff,

v.

WESTPORT PETROLEUM, INC.,

    Third Party Defendant.
_____/

## ORDER DENYING THIRD PARTY DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on Third Party Defendant Westport Petroleum, Inc.'s ("Westport") Motion to Dismiss [DE-18] World Fuel Services Inc.'s ("World Fuel") Third-Party Complaint [DE-13]. World Fuel purchased marine fuel from Westport for a cargo ship chartered by Plaintiff MISC Berhad ("MISC"). According to MISC, the fuel was contaminated. MISC sued World Fuel, who in turn filed a third party complaint against Westport alleging a breach of its fuel purchase contract and for indemnification. Westport moved to dismiss for improper venue under Federal Rule of Procedure 12(b)(3) on the grounds that the forum selection clause in its Terms and Conditions for Bunker Sales required that any action in connection with its agreement with World Fuel be brought in the federal district court for the Central District of California. Having reviewed the Parties' papers, pleadings, affidavits, and relevant exhibits, the Court denies the motion to dismiss because Westport did not reasonably communicate its terms and conditions to World Fuel.

I.      **Background**

In 2007, World Fuel contracted with Plaintiff to provide marine fuel (also known as bunker fuel) for the *M/V OOCL China*, a container ship chartered by MISC. Third-Party Complaint [DE-13], ¶ 5. World Fuel contracted withWestport to supply and deliver the bunker fuel directly to the vessel. Compl., ¶ 6. In its Complaint against World Fuel, MISC alleges that the bunkers it purchased from World Fuel were contaminated with Alkyl Phenol and Butyl Acrylate, two chemicals that render marine fuel unusable.[1] On May 15, 2012 World Fuel filed the Third Party Complaint against Westport for breach of contract and indemnity. *Id.* World Fuel alleges that Westport, as the fuel supplier, is responsible for any damages arising from the contaminated bunkers Westport delivered to MISC. *Id.*, ¶¶ 11, 16.

Westport argues that this case should be dismissed under Rule 12(b)(3) for improper venue because of a forum selection clause in the terms and conditions of its fuel purchase agreement with World Fuel. Motion to Dismiss Third-Party Complaint [DE-18], pp. 1-2. In support of its motion, Westport attaches the declaration of Paul Taylor, Westport's General Manager of Residual Product Trading ("Taylor Declaration") [DE 18-1]. The Westport terms and conditions, attached to the Taylor Declaration, provide:

> **Governing Law and Jurisdiction**: The law governing the Agreement and the making thereof shall be the maritime law of the United States and, to the extent not in conflict, the State of California, exclusive of its rules on choice of law, except that a reference to applicable law is a reference to the law that would be applicable in the absence of a choice of law by the parties. Except as otherwise provided herein, the United States District Court for the Central District of California shall have exclusive jurisdiction to entertain actions relation to this

---

[1] MISC and the vessel's owner resolved their dispute arising from the allegedly contaminated fuel through a separate settlement; MISC is seeking indemnification from World Fuel based on these payments. *See generally*, Complaint [DE-1].

2

> Agreement or the making and enforcement thereof, or both, and Buyer and Seller submit to their jurisdiction for such purposes. Any other courts having jurisdiction over a vessel to which the marine fuels have been delivered will have jurisdiction to enforce Seller's maritime lien.

Westport Terms & Conditions, Ex. A to Taylor Decl. At the time it delivered the fuel, Westport provided a delivery receipt to the *OOCL China*. Ex. B to Taylor Decl. The receipt is signed by the delivery company – acting as Westport's agent – and by the chief engineer of the *OOCL China*. *Id.* The receipt provides that the sale "is subject to the Westport Petroleum, Inc. Terms and Conditions for Bunker Sales." *Id.* The signature of a World Fuel representative does not appear on the receipt.

In its response to the motion to dismiss, World Fuel submitted the Declaration of Kevin Welber, World Fuel's General Counsel ("Welber Declaration") [DE 30-1]. Attached to the Welber Declaration is a purchase order from World Fuel to Westport Petroleum for marine fuel for the *OOCL China*. *See* Ex. A to Welber Decl. The purchase order lists Westport as the seller of the fuel, World Fuel as the buyer, and the *OOCL China* as the vessel. The purchase order does not reference Westport's terms and conditions. *Id.*, at 5.

## II. Legal Standard

A motion to dismiss based on a forum selection clause is properly brought pursuant to Rule 12(b)(3) for improper venue. *See Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1290 (11th Cir.1998). A court may consider matters outside the pleadings, including affidavit testimony, to determine whether dismissal under Rule 12(b)(3) is appropriate. *See Wai v. Rainbow Holdings*, 315 F.Supp.2d 1261, 1268 (S.D. Fla. 2004). Because this is a case in admiralty, federal law governs the enforceability of the forum selection clause at issue. *See Carnival Cruise Lines v. Shute*, 499 U.S. 585, 590 (1991).

Forum selection clauses are presumptively valid, and the burden of proving their unreasonableness is a heavy one. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991). Although the Court takes the facts of the complaint as true, it does so "only to the extent they are uncontroverted by defendant's affidavits." *Estate of Myhra v. Royal Caribbean Cruises, Ltd.*, 695 F.3d 1233, 1239 (11th Cir. 2012) (internal quotations and citations omitted). Where, as here, the parties submit conflicting affidavits, the Court "is inclined to give greater weight to the plaintiff's version of the jurisdictional facts and to construe such facts in the light most favorable to the plaintiff." *Id.*; (citing *Home Ins. Co. v. Thomas Indus., Inc.*, 896 F.2d 1352, 1355 (11th Cir.1990).

### III. Analysis

Westport argues that its terms and conditions, including the forum selection clause, apply to the sale to World Fuel because (1) they are clearly referenced in the bunker delivery receipt, and (2) Westport and World Fuel had engaged in prior transactions where the terms and condition clearly applied.[2] World Fuel responds that Westport never provided World Fuel with written notice accepting its offer to purchase bunker fuel, as required for terms and conditions to apply. World Fuel also argues that it did not have any notice of the terms and conditions, and therefore no meaningful opportunity to review or agree to its terms, until it received a copy of the delivery receipt.

In an admiralty case, a forum selection clause may be overcome only by a clear showing that the clause is unreasonable under the circumstances. *M/S Bremen v. Zapata Off-Shore Co.*,

---

[2] Wesport's Taylor Declaration [DE 18-1] does not provide any specifics about these alleged prior transactions.

407 U.S. 1, 10 (1972). A forum selection clause may be deemed unreasonable when: "(1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." *Krenkel v. Kerzner Intern. Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009) (internal citations omitted).

In determining whether there was fraud or overreaching with respect to a non-negotiated forum selection clause like the one in Westport's terms and conditions, the Court must consider "whether the clause was reasonably communicated to the consumer." *Liles v. Ginn-La West End, Ltd.*, 631 F.3d 1242, 1246 (11th Cir. 2011). The Eleventh Circuit applies a two-part test of "reasonable communicativeness," which "takes into account the clause's physical characteristics and whether the plaintiffs had the ability to become meaningfully informed of the clause and to reject its terms." *Id.*; *see also Marco Forwarding Co. v. Continental Cas. Co.*, 430 F.Supp.2d 1289, 1294 (S.D. Fla. 2005) ("Courts have developed a two-part test...taking into account both the physical characteristics of the contract itself, and also any extrinsic factors indicating the plaintiff's ability to become meaningfully informed and to reject the contractual terms at stake.") (internal quotations and citations omitted).

As to the first part of the test, there is no indication that the physical characteristics of the forum selection clause were insufficient to reasonably communicate its terms to World Fuel. The clause is set apart in a separate paragraph, and contains sufficiently clear language to alert the buyer of the applicable forum restrictions. *See, e.g., Sun Trust Bank v. Sun International Hotels, Ltd.*, 184 F. Supp. 2d 1246, 1260 (S.D. Fla. 2001) (holding forum selection clause reasonably communicative where forum selection clause was "set apart as a separate paragraph,

in legible type" and was written in "sufficiently clear" language). Thus, the Court will focus on whether the terms and conditions were reasonably communicated to World Fuel.

Viewing the pleadings, affidavits, and the attached exhibits in the light most favorable to World Fuel, the Court finds that Westport's terms and conditions were not reasonably communicated to World Fuel in connection with the sale of the marine fuel. Although the declaration of Westport's general manager states that the delivery receipt provided to the *OOCL China* was "used in all of its fuel contracts," there is no evidence that World Fuel had an opportunity to review the delivery receipt in connection with the sale of fuel to the *OOCL China*. Notably, the delivery receipt does not include World Fuel's signature, nor is there any indication, either on the receipt itself or the affidavits, that World Fuel received the delivery receipts in the regular course of its prior transactions with Westport.[3]

While Paul Taylor's Declaration states that Westport "had sold bunkers to World Fuel on numerous occasions and [Westport's] Terms and Conditions appl[ied] by their own terms"[4], this

---

[3] Westport's reliance on *One Beacon Ins. Co. v. Crowley Marine Servs.*, 648 F.3d 258 (5th Cir. 2011), is misplaced. That case involved an agreement to complete ship repairs between a ship owner and a vessel repair company. *Id.* at 261. As part of the transaction, the ship owner issued a repair service order ("RSO") directly to the repair company. The RSO noted that the order was issued in accordance with the ship owner's terms and conditions available by accessing the ship owner's website address, which was provided on the RSO itself. *Id.* at 263. Unlike the case at bar, the parties in *One Beacon* did not dispute that the repair company received and reviewed the RSO as part of its transaction with the ship owner. In addition, it was undisputed that the ship owner had provided the repair company with RSOs referencing the terms and conditions in each of its prior transactions. Moreover, the Fifth Circuit affirmed the district court's holding that the repair company had ratified the parties' course of dealing, including the terms and conditions referenced in the RSO, by submitting an invoice after the repair work was completed without objecting to the terms. Here, there is no indication that World Fuel took any affirmative act to ratify Westport's terms.

[4] Westport's statement in its reply brief that World Fuel "had seen the same form Delivery Receipt expressly applying [Westport's] Terms and Conditions on many prior occasions" finds no support in the affidavits and exhibits.

statement alone does not establish that World Fuel was "meaningfully informed" of the forum selection clause such that it had an opportunity to reject its terms. *Liles*, 631 F.3d at 1246. The purchase order memorializing World Fuel's agreement to buy marine oil and deliver it to the *OOCL China* does not reference the terms and conditions, and Westport does not allege that it communicated these terms orally to World Fuel as part of the sale to *OOCL China,* or in connection with any previous sale between the parties. In short, the record is devoid of any evidence establishing that World Fuel received sufficient notice to review and reject Westport's forum selection clause. *See Marco Forwarding*, 430 F.Supp.2d at 1295 (holding that a forum selection clause was enforceable in part because, in all of its prior dealings with the defendant, it was undisputed that the plaintiff had received a copy of the certificate of insurance containing the forum selection clause). Therefore, Westport's forum selection clause is not enforceable as to its marine fuel sale contract with World Fuel.

## IV.  Conclusion

For the foregoing reasons, it is

ORDERED that Third-Party Defendant's Westport Petroleum, Inc.'s Motion to Dismiss Third-Party Complaint [DE-18] is DENIED.

DONE AND ORDERED in Miami, Florida this 16 day of January, 2013.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE